UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NEW YORK SMSA LIMITED PARTNERSHIP d/b/a VERIZON WIRELESS, | : : : : : |
| Plaintiff, | : Civil Action No. 24-10378 (RK) (JTQ) : |
| v. | : **MEMORANDUM OPINION** : **AND ORDER** |
| THE BOROUGH OF SPRING LAKE*, et al.*, | : : : |
| Defendant(s). | : : |

Plaintiff New York SMSA Limited Partnership d/b/a Verizon Wireless ("Plaintiff") brought this action against the Borough of Spring Lake (the "Borough"); Jennifer Naughton, in her official capacity as Mayor for the Borough; the Borough Council of the Borough of Spring Lake ("Council"); and Matthew Zahorsky, in his official capacity as the Zoning Officer for the Borough (collectively, "Defendants") for violations of the Telecommunications Act of 1996 (the "TCA"). Plaintiff contends that Defendants' "unreasonable delay" and "effective denial" of its application (the "Application") for the installation of six small wireless facilities ("SWF") in the Borough violated the TCA. *See* ECF No. 12, Amended Complaint ("Am. Compl.").

Now, seven residents of the Borough, all members of an organization that prioritizes preserving the "rich history and flair" of shore towns, claim they have an interest in the litigation sufficient to warrant their intervention. The proposed intervenors Spring Lake Against 5G Towers, Kelley Badishkanian, Patrick and

Susan Donnelly, Steve Alesio, Hassam and Bridget Chater, and Katie Schrader ("Movants") argue they are entitled to intervene both as of right and by permissive intervention, pursuant to Federal Rules of Civil Procedure 24(a)(2) and 24(b), respectively.

For the reasons set forth herein, the Court grants the motion and permits permissive intervention pursuant to Rule 24(b).

## I.  BACKGROUND

Plaintiff initially filed its complaint on November 8, 2024 (ECF No. 1) and shortly thereafter, on December 16, 2024, the Court signed the Parties' proposed stipulation permitting Plaintiff to amend its pleading (ECF No. 11). Plaintiff filed the Amended Complaint on December 19, 2024 (ECF No. 12) and before Defendants responded, Movants filed this application (ECF No. 17).

### A. The Telecommunications Act

Plaintiff's claims arise out of alleged violations of the TCA, which "generally preserves the traditional authority of state and local governments to regulate the location, construction, and modification of wireless communications facilities like cell phone towers, but imposes specific limitations on that authority." *Cellco P'ship & New York SMSA Ltd. P'ship v. Cnty. of Monmouth, New Jersey*, 2024 WL 989824, at *1 (D.N.J. Mar. 7, 2024). "One of those limitations is that any decision to deny a request to build a tower shall be in writing and supported by substantial evidence contained in a written record[,] and '[a]nother is that parties adversely affected by a locality's decision may seek judicial review.'" *Id.* (quoting 47 U.S.C. § 332(c)(7)(B)). Another

limitation is that a "State or local government or instrumentality thereof shall act on any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time after the request is duly filed with such government or instrumentality, taking into account the nature and scope of such request." 47 U.S.C. § 332(c)(7)(B)(ii).

"[T]he Federal Communications Commission has promulgated applicable regulations—the so-called 'shot-clock rule'—interpreting what it means for a local government to act on a siting application 'within a reasonable period of time.'" *Cellco P'ship & New York SMSA Ltd. P'ship*, 2024 WL 989824 at *1. The shot-clock rule provides that a local government has 60 days for the "[r]eview of an application to collocate a [SWF] using an existing structure" and 90 days for the "[r]eview of an application to deploy a [SWF] using a new structure." 47 C.F.R. § 1.6003(b)-(c).

## B. The Borough's Review

Plaintiff contends that it submitted the Application to the Borough on January 26, 2024, after four years of unsuccessfully "trying to engage in substantive discussions with the Borough regarding potential solutions for Verizon's need to improve its wireless service system and remedy capacity deficiencies." ECF No. 26, Opposition Brief ("Opp. Br.") at 9.[1] Plaintiff claims that its Application was compliant with applicable provisions of the Borough Code and that the shot-clock gave the Borough until April 25, 2024 to act on the Application. *Id*. at 10. Plaintiff agreed to

---

[1] The pages cited herein are those provided by PACER.

3

enter into four separate tolling agreements, extending the shot-clock to October 15, 2024. *Id*. at 10-11.

On September 24, 2024, the Borough held a public meeting to educate residents on the Application and invited Plaintiff to attend. *Id*. at 11. The Borough permitted one of Movants' attorneys to make a presentation, during which he encouraged residents to provide the Borough with information on the impact of the Application on property values. *Id*. at 11-12. After the meeting, Plaintiff denied the Borough's request for a further extension of the shot-clock for several reasons, namely because the Borough provided no reason for the request and Plaintiff had already given the Borough 263 days to act on the Application. *Id*. at 12. Thereafter, even though the Borough did not request them, Plaintiff provided reports that confirmed the SWFs would fully comply with the applicable FCC radiofrequency emission limits "in order to address unfounded concerns raised by Borough residents" and submitted confirmation that the SWFs would comply with applicable construction and electrical codes and would pass the necessary structural analysis. *Id*. at 12-13.

The October 15, 2024 shot-clock expiration date passed without the Borough acting on the Application. Instead, the Borough held another meeting on November 12, 2024 where Movants presented purported SWF alternatives and argued that the SWFs should be subject to Planning Board approval. *Id*. at 13. The Borough denied Movants' request to enforce the Municipal Land Use Law, N.J.S.A. 40:55D-1, *et seq*. ("MLUL"), which would have necessitated an application to the Planning Board. Mov. Br. at 10.

On December 3, 2024, the Borough finally adopted a written resolution denying the Application. Opp. Br. at 13. Plaintiff contends that the denial was "not supported by substantial evidence in the written record," was "based upon criteria that is inapplicable to the Application," "and/or . . . not raised by Defendants prior to the [d]enial, and thus, were impermissible post-hoc rationalizations." *Id.* (citing Am. Compl. ¶¶ 234-35).

### C. Competing Positions on Intervention

In the instant application, Movants submit that they are entitled to intervene in this litigation both as of right under Rule 24(a) and by permissive intervention under Rule 24(b). First, they argue that the case is in its infancy and therefore the motion is timely. Mov. Br. at 21-22. They further contend that Spring Lake Against 5G Towers has standing to intervene on behalf of the individual intervenors (*id.* at 26-32) and that their property interests create a legal interest in the case that will be impeded if they are not allowed to intervene (*id.* at 33-35). While Movants and the Borough are aligned in opposing the Application, Movants contend that they disagree on SWF alternatives and permit requirements. *Id.* at 36. Finally, Movants submit that permissive intervention would also be appropriate because their claims share common questions with claims between Plaintiff and Defendants. *Id.* at 38.

Plaintiff opposes Movants' application and argues that Movants "do not have any cognizable interest in the property that is the subject of the Application" but instead have "general concerns that the Borough is more than capable of [protecting] and is already protecting." Opp. Br. at 15-16. Plaintiff posits that whether the SWFs

5

are subject to Planning Board approval and use variance approvals are "collateral" issues insufficient for intervention as of right. *Id.* at 16. Plaintiff argues that Movants' ability to protect their interests would not be impaired by the disposition of this action because Movants admit that they had the chance to submit evidence during Defendants' review of the Application and that their claims can be brought in a separate state action. *Id.* at 17-18. Moreover, Plaintiff argues that Movants have insufficiently rebutted the presumption of adequate representation by the Borough, failing to meet the controlling "compelling showing" standard. *Id.* at 20-21. Without demonstrating inadequate representation by the Borough, Plaintiff asserts that Movants should not be permitted to intervene under Rule 24(b) either. *Id.* at 25-27.

In reply, Movants argue that, contrary to Plaintiff's assertions, seeking to protect their land and the local environment constitutes a sufficient interest in the litigation. ECF No. 33, Reply Brief ("Reply") at 8. Movants differentiate themselves from "residents of the Borough-at-large," arguing that they "stand to be uniquely affected by the construction of cell tower facilities near their homes." *Id.* at 8-9. They do not agree that their concerns regarding the Borough's denial are collateral and submit that they have sufficiently shown they are inadequately represented by the Borough under the applicable legal standard. *Id.* at 10, 15-16. Finally, Movants argue that they should not be required to raise their arguments in another court and that intervention will not cause undue delay or prejudice. *Id.* at 18-19.

## II.   LEGAL STANDARD

Intervention is governed by Federal Rule of Civil Procedure 24, which outlines the requirements for intervention as of right and permissive intervention.

### A.  Rule 24(a) – Intervention as of Right

A court must permit intervention as of right where a timely movant (1) "is given an unconditional right to intervene by a federal statute," or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(1)-(2).

To intervene as a matter of right under Rule 24(a)(2), the prospective intervenor must establish: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Conforti v. Hanlon*, 2023 WL 2744020, at *2 (D.N.J. Mar. 31, 2023).

"While the precise nature of the interest required to intervene as of right has eluded precise and authoritative definition . . . we have held that the interest must be a legal interest as distinguished from interests of a general and indefinite character." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (internal citations and quotation marks omitted). "[T]he polestar for evaluating a claim for intervention is always whether the proposed

7

intervenor's interest is direct or remote." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998). "Rule 24(a) is to be liberally construed in favor of intervention." *N.L.R.B. v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992).

### B. Rule 24(b) – Permissive Intervention

Additionally, under Rule 24(b), on timely motion, a court may permit anyone to intervene who (1) "is given a conditional right to intervene by a federal statute," or (2) "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24 (b)(1)(A)-(B). The decision of whether to grant intervention under Rule 24(b)(1)(B) is discretionary and "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Conforti*, 2023 WL 2744020, at *3 (quoting Fed. R. Civ. P. 24(b)(3)).

### III.   ANALYSIS

The Court exercises its discretion and permits permissive intervention under Rule 24(b).[2] Therefore, the Court need not address the motion to intervene as of right under Rule 24(a).

It is well settled that whether to grant permissive intervention is a "highly discretionary decision" left in the hands of the district court. *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014). If a proposed intervenor can demonstrate that: "(1) its motion is timely; (2) it has questions of law or fact in

---

[2] While the Court grants permissive intervention for the reasons set forth herein, nothing in this decision should be construed as reflective of the Court's view on the merits of Movants'—or any other party's—claims or defenses.

8

common with the pending action; and (3) intervention will not cause undue delay or prejudice for the original parties," then "the court may, in its discretion, grant that third party permissive intervention." *Brennan v. Cmty. Bank, N.A.*, 314 F.R.D. 541, 547 (M.D. Pa. 2016). The court should also consider "whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already adequately represented in the litigation. *Worthington v. Bayer Healthcare LLC*, 2011 WL 6303999, at *8 (D.N.J. Dec. 15, 2011). The Court concludes that each factor of the intervention analysis is satisfied here.

### A. The Motion is Timely

First, the fact that Movants seek permissive intervention "on timely motion" is not in dispute. Indeed, Plaintiff states that for the purpose of its opposition, it "does not seek to challenge the timeliness of [Movants'] motion." Opp. at 14 n.2. And even if Plaintiff had lodged such a challenge, the Court would have little trouble concluding that the motion was made in a timely fashion. Therefore, Movants have satisfied this factor.

### B. The Commonality Requirement is Met

The Court likewise finds that Movants have demonstrated the second intervention requirement: Commonality. Here, Movants' claims share "common questions of law and fact" with those at issue between Plaintiff and Defendants. *See* Fed. R. Civ. P. 24(b). For example, both the Borough and Movants similarly seek to prevent Plaintiff's installation of the six SWFs. And, like Movants, the Borough wants to preserve the beachfront property that is being threatened by Plaintiff's

9

Application. In fact, Defendants have made clear that in their view, "Spring Lake's unspoiled beachfront is a defining characteristic of the Borough." ECF No. 39-1 at 11.

The Court does not find that this commonality thread is undone by the fact that "the Borough rejected some of [Movants'] key legal claims against the [A]pplication, including finding that a state statute (the MLUL) and provisions of the Borough Code specifically requiring site plan review and approval and conditional use variances (that [Plaintiff] did not request) do not apply." Mov. Br. at 24, 22-23. That Movants do not agree with *each* of the Borough's bases for denying the Application does not change the fact that Movants have satisfied Rule 24(b)'s commonality requirement. Rather, the Court finds that these differences between the claims brought by Defendants and Movants creates a uniqueness that stands to "more robustly aid the Court's resolution of the parties' claims and defenses." *Cellco P'ship & New York SMSA Ltd. P'ship*, 2024 WL 989824 at \*5; *see also* Mov. Br. at 39 ([Movants'] presence in this action will aid in the ultimate resolution while also avoiding potentially inconsistent verdicts").

Nor is the Court's review of this factor impacted by Plaintiff's challenges to permissive intervention. Rather, the Court finds Plaintiff's arguments on this score incomplete and unpersuasive. In its briefing, Plaintiff neglects to address commonality at all. Plaintiff instead submits that Movants' failure to demonstrate inadequate representation to establish entitlement to intervention as of right "also warrants the denial of [their] motion to intervene pursuant to Rule 24(b)." Opp. Br. at 24. But this conclusory position is fundamentally flawed. A ruling under Rule 24(a)

10

certainly does not end the analysis, nor does the caselaw Plaintiff cites support such a contention. *Id.*[3] Nor could it: no single factor is determinative in reviewing the appropriateness of intervention under Rule 24(a) *or* (b). So, even if the Court were to accept Plaintiff's argument that Movants are already adequately represented, *which it does not*, this has no bearing on the Court's review of commonality.

In sum, there exists sufficient commonality between Movants' claims and those at issue between Plaintiff and Defendants. Plaintiff's arguments to the contrary do not alter that conclusion.

### C. Intervention Does Not Result in Undue Prejudice or Delay

Finally, the Court finds that permitting intervention would not cause either Plaintiff or Defendants to suffer any undue prejudice or delay insofar as this case is in its early stages. Indeed, Plaintiff filed its initial complaint in November 2024 and, the following month, Movants sought intervention. Put simply, this case is in its infancy having been filed less than six months ago.

Plaintiff tries but fails to identify how permitting Movants to intervene would cause undue prejudice or delay. Plaintiff's opposition offers little more than the

---

[3] The cases Plaintiff relies on include: *United States v. Territory of Virgin Islands*, 748 F.3d 514, 524 (3d Cir. 2014) (finding denial of motion to intervene under both Rules 24(a) and (b) proper since motion was untimely, prejudicial, and unnecessary); *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992) (denying permissive intervention because prejudice outweighed judicial economy but directing reconsideration of Rule 24(b) if intervention as of right unavailable); *Cmty. Vocational Sch. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, 2017 WL 1376298, at *8 (W.D. Pa. Apr. 17, 2017) (reasoning that the same facts and circumstances may be considered but still conducting Rule 24(b) analysis); and *Seneca Res. Corp. v. Highland Twp.*, 2016 WL 1213605, at *3 (W.D. Pa. Mar. 29, 2016) (finding permissive intervention inappropriate for adequacy of representation where all other factors not contested).

conclusory contention that permitting intervention would introduce collateral issues into the litigation. Opp. Br. at 26. While the Court appreciates Plaintiff's concern, the Court anticipates that Movants "can and will participate in the case with little prejudicial impact on the orderly resolution of the parties' claims and defenses." *Cellco P'ship & New York SMSA Ltd. P'ship v*, 2024 WL 989824 at *5. But the Court cautions Movants that the Court "will not abide any improper or unreasonable efforts by [Movants] to obstruct or delay discovery or impede an orderly resolution of the case on the merits." *Cellco P'ship & New York SMSA Ltd. P'ship*, 2024 WL 989824 at *5 (citing Fed. R. Civ. P. 1). Nor will the Court permit Movants to either impede or "derail[]" any settlement discussions between Plaintiff and Defendants. *Allied World Specialty Ins. Co. v. Indep. Blue Cross*, 2019 WL 6327109, at *2 (E.D. Pa. Nov. 26, 2019).

In sum, permitting intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(3).

## IV. CONCLUSION

For the reasons set forth above, Movants are permitted to intervene and participate in this litigation. Accordingly,

**IT IS** on this 30th day of May 2025,

**ORDERED** that the motion to intervene [ECF No. 17] is GRANTED; and it is further

**ORDERED** that the Clerk is directed to terminate ECF No. 17.

s/ Justin T. Quinn<br>
HON. JUSTIN T. QUINN<br>
United States Magistrate Judge

--terminates ECF No. 17